UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60262-CIV-ZLOCH/OTAZO-REYES

ANDREW STEWART,

    Plaintiff,

vs.

U.S.A. AUTO CARE, INC. and
NOUR ALBANDAKJI,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion and Memorandum of Law in Support of Summary Judgment ("Motion for Summary Judgment") [D.E. 31]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable William J. Zloch, United States District Judge [D.E. 37]. Upon a thorough review of the record, the undersigned finds that disputed issues of material fact preclude issuance of a judgment as a matter of law in favor of Plaintiff. Accordingly, the undersigned respectfully recommends that the Motion for Summary Judgment [D.E. 31] be DENIED.

### PROCEDURAL AND FACTUAL BACKGROUND

On February 13, 2012, Plaintiff Andrew Stewart ("Stewart") commenced this action against his former employer U.S.A. Auto Care, Inc. ("Auto Care") and its principal, Nour AlBandakji ("AlBandakji"), (collectively, "Defendants") [D.E. 1]. On April 6, 2012, Stewart filed an Amended Complaint [D.E. 23]. Therein, Stewart asserts a single claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for unpaid overtime wages.

Stewart alleges that he worked at Auto Care as an auto mechanic from January to November, 2011. [D.E. 23 at ¶ 7]. He further alleges that throughout this period of employment he was required to work 55 to 60 hours per week but was not paid overtime for the hours he worked in excess of 40 hours per week. Id. at ¶¶ 19-21. In his Motion for Summary Judgment, Steward contends that he is entitled to judgment as a matter of law on his FLSA claim because the undisputed facts establish that the wages he received from Auto Care did not include overtime pay. However, as more fully explained below, disputed issues of material fact preclude granting Stewart's Motion for Summary Judgment.

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Moore ex rel. Moore v. Reese, 637 F.3d 1220, 1232 (11th Cir. 2011). The "genuine issue summary judgment standard is very close to the reasonable jury directed verdict standard . . . . In essence [] the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

In considering a motion for summary judgment, a court is to view the facts and draw "all reasonable inferences in favor of the nonmoving party." Reese, 637 F.3d at 1231; see also Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998) (stating that the court is "required to view the facts in the light most favorable to the nonmovant"). A court should not grant summary judgment "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact." Cornelius v. Town of

2

Highland Lake, Ala., 880 F.2d 348, 351 (11th Cir. 1989), *overruled* on other grounds by White v. Lemacks, 183 F.3d 1253 (11th Cir. 1999). "All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." Pippin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 845 F. Supp. 849, 850 (M.D. Fla. 1994).

## UNDISPUTED FACTS

1. Stewart worked for Auto Care for a period of 44-45 weeks, from January to November 2011. Stewart Statement of Undisputed Material Facts [D.E. 32 at ¶ 1]; Defendants' Statement of Material Facts [D.E. 35 at ¶ 1].

2. Stewart was an "employee" of Auto Care for purposes of the FLSA pursuant to 29 U.S.C. § 203(e)(1). [D.E. 32 at ¶ 3]; [D.E. 35 at ¶ 3].

3. Stewart was a non-exempt employee of Auto Care, hence entitled to overtime pay, for purposes of the FLSA. [D.E. 32 at ¶ 2]; [D.E. 35 at ¶ 2].

4. Stewart's work schedule exceeded 40 hours per week. [D.E. 32 at ¶ 8]; [D.E. 35 at ¶ 8].

5. The car repair work at Auto Care involved interstate commerce. [D.E. 32 at ¶ 11]; [D.E. 35 at ¶ 11].

6. AlBandakji is the owner of and actively manages Auto Care. [D.E. 32 at ¶¶ 15-19]; [D.E. 35 at ¶¶ 15-19].

## DISPUTED MATERIAL FACTS

**1. How many overtime hours per week did Stewart work.**

Stewart contends that he was scheduled to work at least 57 hours per week, based on Auto Care's shop hours of 8:00 a.m. to 6:00 p.m. Mondays through Fridays and 7:00 a.m. to 2:00 p.m. on Saturdays. [D.E. 32 at ¶ 9 (citing to Defendants' Affirmative Defense No. 10, which details the shop hours)]. Defendants contend that Stewart worked no more than 52 hours per week, based on those same shop hours but subtracting one hour for lunch on Mondays through

3

Fridays. [D.E. 35 at ¶ 7]. Hence, there is a factual dispute as to whether Stewart worked twelve or seventeen overtime hours per week.

### 2. What were Stewart's base and overtime pay rates.

Stewart contends that he was paid a flat amount of $600 per week, which did not include overtime pay [D.E. 32 at ¶¶ 4, 5, 14]. Defendants contend that Stewart's pay consisted of a base rate of $10.34 per hour for forty hours per week and an overtime rate of $15.51 (one and a half times $10.34) for twelve hours per week, for a total of $599.72 per week, which was rounded to $600.00. [D.E. 35 at ¶ 12]. Hence, there is a factual dispute regarding Stewart's base and overtime pay rates.

### 3. What are Stewart's damages.

Steward seeks damages of "no less than" $12,150.00. Motion for Summary Judgment [D.E. 31 at 22-23]. Adopting Defendants' 52-hour week for a period of 45 weeks rather than his own "undisputed" 57-hour week, Stewart claims that he worked 540 hours of overtime. Id. He further claims that his base rate was $15.00 per hour ($600.00 divided by 40), hence his overtime rate should have been $22.50 per hour. Id. Multiplying 540 times $22.50 yields $12,150.00. Id. Defendants contend that Stewart is not entitled to any damages because he was paid all the overtime he worked based on a 52-hour week, a $10.34 base rate and a $15.51 overtime rate. Response to Motion for Summary Judgment [D.E. 34 at 10]. Hence, there is a factual dispute as to the computation of Stewart's damages, if any.

### 4. Is Stewart entitled to liquidated damages.

Stewart claims that Defendants cannot establish the good faith defense that would permit them to avoid a doubling of his claimed damages amount as liquidated damages, thereby resulting in a total damages award of "no less than" $24,300.00. Motion for Summary Judgment

[D.E. 31 at 22-23].[1]  Defendants contend that they can establish the defense because they consulted with and relied on the advice of their accountant, Richard Harris, to devise the above-described payment scheme so as to comply with federal wage laws. [D.E. 35 at ¶ 20]; Affidavit of Richard Harris [D.E. 34-1 at ¶¶ 6-8]. Hence, there is a factual dispute as to Defendants' entitlement to the good faith defense and avoidance of liquidated damages.

## DISCUSSION

As set forth above, Stewart seeks a judgment as a matter of law in the amount of "no less than" $12,150.00 for overtime pay plus an equal amount as liquidated damages.[2]

1. **Liability**

The FLSA states, in pertinent part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C § 207(a)(1). To recover for a claim of unpaid overtime wages, the plaintiff bears the burden of establishing that he or she performed work for which he or she was not properly compensated. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946).

Here, it is undisputed that Stewart worked overtime. However, Stewart has not established, as a matter of law, that he was not properly compensated for such overtime work. As set forth above, there are factual disputes as to the number of overtime hours that Stewart worked, as to his rate of pay and as to whether his $600 weekly pay did or did not include

---

[1] The FLSA provides for the doubling of a damages award as liquidated damages unless "the employer acted in good faith and had reasonable grounds for believing that he was not violating the Act." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d, 1306, 1323 (11th Cir. 2007) (quoting 29 U.S.C. § 260); see also 29 U.S.C. § 216(b).

[2] Stewart also claims entitlement to an award of attorney's fees and costs in an amount to be determined by the Court if the parties cannot reach agreement. [D.E. 31 at 22]

5

overtime pay.

### 2. Damages

Stewart's use of Defendants' 52-hour week instead of his own "undisputed" 57-hour week in computing the monetary judgment he seeks does not resolve the factual disputes underlying his overtime hours and rate of pay. Thus, Stewart has not established, as a matter of law, that he is entitled to recover "no less than" $12,150.00 in damages.

### 3. The Good Faith Defense and Liquidated Damages

As noted above, Stewart is entitled to recover double damages as liquidated damages unless Defendants can establish that they acted in good faith. In contending that he is entitled to a judgment of "no less than" $24,300.00, Stewart disregards the facts adduced by Defendants—that they consulted with and relied on the advice of their accountant, Richard Harris, to devise Stewart's payment scheme so as to comply with federal wage laws payment scheme. Therefore, contrary to Stewart's contention, he is not entitled to recover liquidated damages as a matter of law.

## CONCLUSION

Based on the foregoing considerations, the undersigned respectfully RECOMMENDS that that Plaintiff Andrew Stewart's Motion for Summary Judgment [D.E. 31] be **DENIED.**

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Loconte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in Miami, Florida this 7th day of December, 2012.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge William J. Zloch
     Counsel of Record